

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LONDO, | Case No. CV 07-6194-PJW |
| Plaintiff, | |
| | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Plaintiff brings this action, challenging a decision by Defendant Social Security Administration (the "Agency"), denying his application for Supplemental Security Income ("SSI"). He asks the Court to reverse the Agency's decision and award benefits, or, in the alternative, to remand the case for further proceedings. For the reasons discussed below, the Agency's decision is affirmed and the case is dismissed with prejudice.

Plaintiff was 50 years old at the time of the administrative hearing. He dropped out of high school in the tenth grade and performed unskilled labor when he was not serving time in prison. In all, Plaintiff spent about 14 years in prison over the last 20 years.

The instant claim for SSI benefits is his third since 1991. The prior two claims were denied at the initial stage and Plaintiff did not appeal.

The instant claim was denied initially and Plaintiff sought and obtained a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared with counsel and testified at the administrative hearing. (Administrative Hearing ("AR") 320-29.) Plaintiff told the ALJ that there were two ailments that prevented him from working, Hepatitis C and back pain. (AR 327.) Plaintiff explained to the ALJ that his Hepatitis C interfered with his ability to work because it caused him stress, knowing that he might die some day as a result of it. (AR 327.) He told the ALJ that his back pain was constant and prevented him from working, even in a sit-down job with no lifting. (AR 328.)

The ALJ determined at step two of the sequential evaluation process that these conditions were not severe impairments. (AR 12.) In doing so, he relied on the report of a consultative examining doctor who found that Plaintiff did not have any physical limitations that would interfere with his ability to work. (AR 12.) Plaintiff contends that this was error. (Joint Stip. at 3-7.) As to the Hepatitis C, he argues that the ALJ should not have relied on the consultative examiner's opinion because he did not have Plaintiff's medical records when he rendered his opinion and did not even know that Plaintiff suffered from Hepatitis C. He argues further that Plaintiff's condition worsened after the consultative examiner examined Plaintiff and issued his report, and that this was not taken into account by the consultative examiner and, consequently, the ALJ. The Court concludes otherwise.

Though, as Plaintiff points out in his brief, the step-two analysis is intended to be a de minimis screening device to weed out frivolous claims, Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996), Plaintiff carries the burden of showing that his impairment affects his ability to perform basis work activities. See Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001), citing Social Security Ruling ("SSR") 96-3p. Plaintiff failed to do so here. There is no objective medical evidence suggesting that Plaintiff's Hepatitis C infection interferes with his ability to work. None of his doctors ever restricted any of his activities due to the infection or the treatment.[1] None of them opined that it would stop him from working. Nor did Plaintiff's testimony--which the ALJ rejected, anyway--suggest that he was physically unable to work because he had Hepatitis C. Instead, Plaintiff told the ALJ that the impact his Hepatitis C had on him was that it made him worry that he might not be around to see his two boys grow up. This is a mental or emotional impact, not a physical one.

The Court recognizes that the consultative examining doctor did not review Plaintiff's medical records and uncover that Plaintiff had Hepatitis C. Had he done so, he could have stated his view on what impact that condition had on Plaintiff's ability to work. But the blame cannot fairly be placed on the doctor's shoulders alone. Plaintiff never told the doctor that he had Hepatitis C. He only told

---

[1] In a chart note dated April 12, 2006, a health care provider noted, "Disable for 5 [unreadable] on interferon [treatment]." (AR 231.) The Court is unable to decipher exactly what this means. Plaintiff has not argued that it means that he was placed on disability status by his doctor and the Court assumes that he was not placed on disability status.

3

him that he had back pain. (AR 162.) Plaintiff reported to the doctor that he was taking Robaxin and Motrin, which, according to the Physician's Desk Reference Pocket Guide to Prescription Drugs (2002), are prescribed for muscle pain. Plaintiff cannot be heard to complain now that the consultative examining doctor did not address his Hepatitis C when Plaintiff failed to tell the doctor that he suffered from Hepatitis C.[2]

Plaintiff points out that his condition obviously worsened after the consultative examining doctor completed his report in August 2005, as evidenced by the fact that Plaintiff underwent a liver biopsy and began interferon treatment. (Joint Stip. 5-6.) Plaintiff argues that that is another reason why the ALJ should not have relied on the consultative examiner's August 2005 opinion that Plaintiff did not have any physical impairments. Even assuming that Plaintiff is correct, there is nothing in this record to suggest that the worsening of his condition, the liver biopsy, and the interferon treatments impacted Plaintiff's ability to work. Plaintiff never testified that that was the case in the administrative hearing. (AR 32-29.) None of Plaintiff's doctors ever restricted him from any activities as a result of the biopsy or the interferon treatment. Thus, Plaintiff has presenting nothing to this Court to show that the ALJ's conclusion that Plaintiff's Hepatitis C or the treatment for it prevented him from working. Assuming arguendo that the ALJ did err in relying exclusively on the consultative examiner's opinion, any error was harmless and does not mandate a new hearing. *Stout v. Comm'r, Soc.*

---

[2] An October 6, 2003 chart note notes that Plaintiff had been diagnosed with Hepatitis C a year earlier. (AR 137.)

4

*Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (applying harmless error analysis to social security decisions).

The same holds true for Plaintiff's back pain. The record establishes that Plaintiff has back pain and has been treated for it. But no doctor has ever found that it prevented him from working for more than 30 days. The consultative examiner noted that Plaintiff was muscular, well-developed, and well-nourished and was a weight lifter in prison. (AR 163-64.) After being released from prison, he worked as a truck loader and mover. (AR 162.) Absent any evidence that Plaintiff's back prevented him from working--except for Plaintiff's testimony that it did, which was rejected by the ALJ and was not challenged in this appeal--there is only one reasonable conclusion the ALJ could have arrived at, i.e., that Plaintiff's back pain did not interfere with his ability to work.

Plaintiff disagrees. He points out that he had another car accident after the consultative examiner issued his report, which, obviously, the consultative examiner did not consider. (Joint Stip. at 6.) He contends that the ALJ's reliance on the consultative examiner was erroneous because the consultative examiner did not take into account the aggravation to Plaintiff's back impairment caused by this accident. Again, accepting Plaintiff's argument at face value, he still has not convinced the Court that remand is required. Though the consultative examiner did not take this accident into account, Plaintiff's treating physicians did. Only one of them thought it necessary to restrict Plaintiff's activity following this accident and he only restricted it for 30 days. (AR 286.) Thus, any error was harmless. *Stout*, 454 F.3d at 1055.

In the end, the Court concludes, as the ALJ did, that there is nothing in this record to show that Plaintiff's impairments had any effect on his ability to perform basic work activities. As a result, neither of these impairments was severe, and the ALJ rightly concluded so at step two. For these reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: December 30, 2008.

/s/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

sS:\PJW\Cases-Soc Sec\LONDO, E 6194\Memo_Opinion.wpd